NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RADCLIFFE BENT, | **Hon. Dennis M. Cavanaugh** |
| Petitioner, | **OPINION** |
| v. | No. 2:12-CV-04563 (DMC) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of Petitioner Radcliffe Bent ("Petitioner") to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties and based upon the following, it is the finding of this Court that Petitioner's Motion is **denied.**

## I. BACKGROUND[1]

In September 2001, Petitioner opened a shell corporation called Covenant Consulting, which he operated out of his own home. Petitioner used this shell to induce investors to purchase worthless shares and promissory notes. He was joined by his co-conspirators Rodney Kadymir and Michael Berteletti in 2002. Petitioner and his co-conspirators used Covenant Consulting and several other shell corporations to defraud investors, and used the diverted funds for their own personal benefit.

---

[1] The facts from this section are taken from the parties' pleadings.

1

On April 22, 2009, a grand jury returned a nine-court Superseding Indictment charging Petitioner with wire fraud, multiple counts of mail fraud, conspiracy to commit mail and wire fraud, conspiracy to commit money laundering, and multiple counts of tax evasion. Petitioner pled guilty before this Court on May 19, 2009 to i) one count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349; ii) one count of conspiracy to commit money laundering in violation of 18 U.S.C. §1956(h); and iii) one count of tax evasion in violation of 26 U.S.C. §7201. The Government moved at sentencing to dismiss the remaining six counts in accordance with the plea agreement. The Presentence Investigation Report ("PSR") prepared by the United States Probation Office found that the investors had been defrauded $13,654,369, and that Petitioner should be held responsible for $7,399,396 of the total amount. The PSR found that, pursuant to the advisory Sentencing Guidelines, Petitioner's offense level was a 36 and his criminal history category was II. These factors recommended a sentencing range of 210 to 262 months. This Court sentenced Petitioner to 110 months in prison and $7,399,396 in restitution.

Petitioner filed a notice of appeal through counsel on August 31, 2010. On November 29, 2010, Petitioner's counsel filed an Anders brief, arguing that after a review of the record for appealable issues, none could be found, and therefore seeking to be relieved of representing Petitioner. On March 17, 2011, Petitioner filed an appeal *pro se*. On October 13, 2011, the Third Circuit denied Petitioner's appeal and granted Petitioner's counsel's motion to withdraw. Petitioner filed the present motion on July 16, 2012 ("Pet.'s Mot.," ECF No. 1). The Government filed a Brief in Response and Opposition on November 7, 2012 ("Gov's Opp'n," ECF No. 4). Petitioner filed a Response on February 21, 2013 (ECF No. 5).

## II. STANDARD OF REVIEW

The District Court has jurisdiction pursuant to 18 U.S.C. § 3231, which provides that

"[t]he district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States." Jurisdiction is also secured pursuant to 28 U.S.C. § 2255, which allows this Court, having imposed a sentence upon Petitioner, to vacate, set aside or correct a sentence upon a showing that "the sentence imposed was in violation of the Constitution or laws of the United States, this Court lacked jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

### III. DISCUSSION

In order to succeed on an ineffective assistance of counsel claim, Petitioner must establish that (1) counsel's performance was deficient and (2) this inadequate representation "prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). The Court "need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 670. Prejudice is shown if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of sentencing, "prejudice exists where the deficient performance affected [the] defendant's sentence." United States v. Hankerson, 496 F.3d 303, 310 (3rd Cir. 2007).

Petitioner has failed to meet Strickland's prejudice standard and therefore Petitioner's counsel's performance need not be addressed. The primary error alleged by Petitioner is that his counsel failed to properly investigate the case and submit valid objections to the loss amount contained in the PSR (Pet.'s Mot. at 6). According to the Federal Sentencing Guidelines, Petitioner is liable for losses that stem from "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity that occurred during the

3

commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(B). Petitioner asserts that the amount of loss to the investors reasonably foreseeable to him as a member of the conspiracy is $1,691,198 rather than the $7,399,396 stated in the PSR, and that this lower amount would have provided Petitioner with a sentence of 70-87 months (Pet.'s Mot. at 6). The essence of Petitioner's argument is that because he was not the leader of the conspiracy and was not intimately involved with each individual act, he therefore should have been able to escape some of the liability. However, this is an incorrect interpretation of the Sentencing Guidelines. The facts of the case clearly demonstrate that Petitioner formed several corporate shells and conspired with Berletti and Kadymir to induce investors to purchase worthless shares of stock and promissory notes (Gov's Opp'n at 10). Due to the nature of the crime, it cannot reasonably be said that the defrauding of investors by Petitioner's co-conspirators was not reasonably foreseeable. Therefore, Petitioner's argument that further investigation into this issue by his counsel would have changed his sentence is meritless.

The remaining arguments made by Petitioner are equally unavailing. First, Petitioner claims that his counsel never objected to the money laundering charge under 18 U.S.C. § 1956. Petitioner's vague argument simply states the following: "Clearly, there was no evidence that could support the representation that Bent ever attempted to 'conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity' as set forth in 18 U.S.C. § 1956" (Pet.'s Mot. at 8). However, Petitioner admitted at his plea hearing that he discussed the indictment with his counsel and that his counsel answered answer all of his questions about the charges in the indictment ("Plea. Tr.," Nov, 7, 2012, ECF No. 4, Ex. 2 at 8). Further, Plaintiff admitted to the facts that give rise to his money laundering charge

4

at his plea hearing (Id. at 18-19). Second, Petitioner argues that his counsel never advised him of his right to enter an "open plea," which Petitioner contends is a plea that would have preserved his right to appeal his conviction or sentence (Pet.'s Mot. at 8). This argument cannot stand, as it is clear from the procedural history of this case that Petitioner has in fact had the right to appeal. Third, Petitioner claims that his counsel failed to object to material inaccuracies in the PSR and did not submit a sentencing memorandum to the Court to address the sentencing factors that must be considered (Id. at 9). However, Petitioner fails to identify what alleged material inaccuracies his counsel should have objected to. Further, Petitioner's counsel did in fact submit a letter to the Court regarding the sentencing factors, and this was acknowledged at Petitioner's sentencing ("Sent. Tr.," Nov, 7, 2012, ECF No. 4, Ex. 3 at 6, 10). Fourth, Petitioner argues that his counsel consistently told him that his sentence would be less than the one he ultimately received (Pet.'s Mot., Ex. 1 at 1). However, Petitioner acknowledged at his plea hearing that he understood that the Court has discretion in determining his sentence and that if he received a sentence more severe than he expected, he would still be bound by his plea (Plea. Tr. at 14-15). Finally, Petitioner argues that his counsel failed to inform the Court that Petitioner was on mind-altering drugs during the plea hearing (Pet.'s Mot., Ex. 1 at 1). However, the Court asked Petitioner whether he was under the influence of drugs at his plea hearing and Petitioner stated, "I am not" (Plea. Tr. at 7-8).

Not only are the bulk of these allegations conclusory, and/or inaccurate, but Petitioner has not demonstrated how he has been prejudiced by any of these alleged deficiencies on the part of his counsel. Accordingly, Petitioner's Motion is denied.

## IV. CONCLUSION

For the reasons stated above, Petitioner's Motion is **denied**. An appropriate order follows

5

this Opinion.

/s/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date: September 23, 2013
Original: Clerk's Office
cc: Hon. Joseph A. Dickson, U.S.M.J.
All Counsel of Record
File